UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION

JIMMIE LEE MORRIS,

        Plaintiff,

v.                                                      CASE NO. 2:22-CV-13081
                                                        HON. VICTORIA A. ROBERTS

R. WHITE, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

Jimmie Lee Morris is a state prisoner confined at the Carson City Correctional Facility in Carson City, Michigan. Morris filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 against several Michigan Department of Corrections staff members at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Morris claims that while he was serving disciplinary sanctions, he was denied access to exercise and phone calls, and was subjected to retaliation for grieving these denials. He seeks compensatory and punitive damages. (ECF No. 1.) Morris originally filed his complaint in the Federal District Court for the Western District of Michigan. For venue reasons, it was transferred to this District (ECF No. 3.) Morris proceeds *in forma pauperis*. (ECF No. 7.)

Because Morris failed to state a claim against Defendants Nagy, Napier, and Cobb, they are dismissed. Morris's claims based on retaliation, the violation of his First Amendment right to telephone calls, and the denial of grievances are also dismissed. Morris's claims regarding the denial of access to the yard and recreation will proceed.

## I.    Background

Morris sued Assistant Deputy Warden R. White, Resident Unit Manager King, Assistant Resident Unit Supervisor Young, Acting Assistant Deputy Warden Rurka, Resident Unit Manager Officer McCabe, Warden Noah Nagy, Acting Assistant Deputy Warden Bailey, Acting Grievance Coordinator T. Cobb, and Administrative Assistant Napier, all in their official and personal capacities. (Pet., ECF No. 1, PageID.2-4.) Defendants work at the G. Robert Cotton Correctional Facility in Jackson, Michigan, where the relevant events occurred.

Morris asserts that after he was on sanctions for fifty-five days (he does not specify what form the sanctions took), he was entitled to a seven-day sanction break of recreation time. (*Id.* at PageID.5.) Under Michigan Policy Directive 03.03.105, Prisoner Discipline, prisoners serving sanctions of "detention, toplock, loss of privileges, or any combination of these sanctions, shall not be deprived of yard for more than 30 consecutive days without being provided a seven-day break . . ." https://perma.cc/E9KY-J7D7 (last accessed March 13, 2023).

His complaint recites numerous instances, starting in January 2021, in which he informed certain defendants of his entitlement to a sanction break, and those defendants informed others, but his sanction breaks continued to be denied or delayed. (*Id.* at PageID.6-8.) For instance, RUM King directed ARUS Young to instruct housing staff, including A/ADW Rurka and RUM McCabe, to provide Morris a seven-day sanction break from February 2 to 10, 2021. (*Id.*) Morris never received this break. (*Id.*) This pattern repeated itself through June 2021, involving various combinations of Defendants, including ADW White and A/ADW Bailey. (*Id.*)

Morris grieved each of these instances in which he did not receive sanction breaks. (*Id.* at PageID.5-8.) Warden Noah Nagy denied some of Morris's grievances, as did A/ADW Bailey. (*Id.* at PageID.6-8.) Acting Grievance Coordinator T. Cobb refused to process or failed to respond to some of Morris's grievances. (*Id.* at PageID.7-8.) Morris's only allegation against Administrative Assistant Napier is that she received a June 6, 2021, memo authorizing a sanction break. (*Id.* at PageID.8.)

Morris also alleges he was denied fifteen-minute phone calls to which he was entitled after thirty days on sanction. (*Id.*) He names "Housing Unit Staff and Officers" as responsible for that denial. (*Id.*) He also complains he was moved between prison cells three times within twenty-four days "without cause." (*Id.* at PageID.7.) Morris "surmised that the only conclusion" is that officers moved him in retaliation for complaining about the denial of sanction breaks. (*Id.*) Morris also attributes the denial of breaks and phone calls by Defendants and other corrections staff to a retaliatory motive. (*Id.* at PageID.7-10.)

## II.   Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss *sua sponte* an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from defendants immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff,

accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Federal Rule of Civil Procedure 8(a) requires a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal citation omitted). Rule 8's pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). And "naked assertion[s] devoid of further factual enhancement," will not survive screening. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. 662, 678).

"A complaint can be frivolous either factually or legally." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (citing *Hill v. Lappin*, 630 F.3d at 470). The former is found "when [the complaint] relies on 'fantastic or delusional' allegations"; the latter, "when 'indisputably meritless' legal theories underlie the complaint." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

4

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988). The plaintiff must allege that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)). *Pro se* civil rights complaints are construed liberally. *See Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010).

### III. Discussion

#### A. Failure to allege unconstitutional actions

Napier is dismissed. Morris's only allegation against her is that she received a copy of a memorandum authorizing one of his sanction breaks. He fails to allege Napier's participation in any unconstitutional conduct, and thus fails to state a claim against her.

#### B. Denial of grievances and failure to act

Morris's allegations that Nagy and Cobb denied Morris's grievances and failed to act on information they received fail to state a claim on which relief may be granted. These actions or omissions do not provide a basis for liability under section 1983.

The Sixth Circuit has long held that "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) Liability will not be established unless "the supervisor either encouraged the specific incident of misconduct or in some

5

other way directly participated in it." *Id*. (citation and internal quotation marks omitted); see also *Frazier*, 41 F. App'x at 764 (requiring a section 1983 plaintiff to plead personal involvement by defendants in the constitutional violations). Moreover, the "'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee*, 199 F.3d at 300 (citation omitted)); accord, *Mann v. Mohr*, 802 F. App'x 871, 876 (6th Cir. 2020) (citations omitted).

The only allegations against Nagy and Cobb are that they denied or failed to act on his grievances. He does not cite any participation by either defendant in the denial of his access to the yard. Nagy and Cobb and any claims based on the denial of grievances will be dismissed.

### C. Loss of telephone privileges

Morris claims 'Housing Unit Staff and Officers . . . refused to allow [him] a 15-minute phone call per policy" following a thirty-days sanction period. (ECF No. 1, pageID.8.) The Sixth Circuit acknowledges "that persons incarcerated in penal institutions retain their First Amendment rights to communicate with family and friends[.]" *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (citing *Morgan v. LaVallee*, 526 F.2d 221, 225 (2d Cir.1975). At the same time, an inmate "has no right to unlimited telephone use." *Id.* (quoting *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir.)). Prison administrators are responsible for how telephone service is provided to prisoners; courts review any restrictions on access for reasonableness. *Id.* (citation omitted).

The limited time period Morris alleges he was denied telephone calls was neither unreasonable nor a violation of his constitutional rights. *See*, *e.g.*, *Brown v. Davis*, No. 1:18-CV-1322, 2019 WL 211070, at *4 (W.D. Mich. Jan. 16, 2019*)* (two-year loss of telephone privileges for disciplinary reasons did not violate the First Amendment); *Castleberry v. Acker*, No. 05-cv-74271, 2006 WL 250019, at *2 (E.D. Mich. Jan. 31, 2006) (Borman, J.) (loss of telephone privileges for twenty-four months was not an atypical and significant hardship); *see also Almahdi v. Ashcroft*, 310 F. App'x 519 (3d Cir. 2009) (restriction of prisoner's telephone access to one phone call per month did not violate the First Amendment).

Morris's claim also fails to identify defendants specifically responsible for the denial of his telephone privileges. This claim is dismissed.

### D.  Retaliation for grievances

Morris says Defendants denied him his sanction breaks and telephone privileges and moved him between prison cells in retaliation for his grievances. (ECF No. 1, PageID.7, 8.) This claim is dismissed because Morris has not adequately alleged a First Amendment retaliation claim.

To establish such a claim, a plaintiff must plausibly allege that: "(1) he engaged in protected conduct; (2) the defendant took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) . . . the adverse action was taken (at least in part) because of the protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Filing grievances against prison officials on one's own

7

behalf is "undisputed[ly]" First Amendment-protected conduct. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)).

Morris's retaliation claims fail in part to meet the second prong of the retaliation test; a prisoner's transfer of location within the general population and without a change in security level is not an adverse action sufficient to deter the exercise of a constitutional right. *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013); *Hill*, 630 F.3d at 474; *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003). However, the Sixth Circuit determined that the loss of privileges, including *inter alia*, access to exercise and telephone use, resulting from a retaliatory misconduct ticket may be sufficiently adverse to meet this standard. *See Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018).

Morris's retaliation claims fail completely on the third prong. He alleged no facts to support his assertion that Defendants were motivated by a retaliatory animus. "[R]etaliation 'rarely can be supported with direct evidence of intent.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (citing *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). As a result, plaintiffs may rely on circumstantial evidence, but they must still provide "specific, nonconclusory allegations" linking their conduct to the defendants' retaliatory acts. *Spencer v. City of Catlettsburg*, 506 F. App'x 392, 396 (6th Cir. 2012). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts'" will not suffice. *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (requiring "concrete and relevant particulars").

Morris provided nothing specific or concrete to support his claims of retaliation. Instead, he "expressed his belief" and "surmised" that Defendants' actions were done in

8

retaliation for his complaints about the denied or delayed sanction breaks. (ECF No. 1, PageID. 7-8.) Morris's claims of retaliation are dismissed.

### E. Denial of sanction breaks for yard/recreation access

Under Eighth Amendment standards, prisoners are entitled to exercise sufficient to maintain reasonably good physical and mental health. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir.1985); *see also Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983) ("[A] total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees. Inmates require regular exercise to maintain reasonably good physical and psychological health."); *McCray v. Lee*, 963 F.3d 110, 120 (2d Cir. 2020) ("[C]ourts have recognized that some opportunity for exercise must be afforded to prisoners.") However, the Sixth Circuit "has never set a minimum amount of time a prisoner must have access to outdoor recreation." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Rodgers v. Jabe*, 43 F.3d 1082, 1086-87 (6th Cir.1995)). Instead, the court has held that claims of infringement of prisoners' right to exercise must be analyzed on a case-by-case basis. *Rodgers*, 43 F.3d at 1086 (citing *Patterson*, 717 F.2d at 289.)

Construing Morris's claims liberally, and taking them as true and in a light most favorable to him as the Court must, Morris was deprived of access to the yard and recreation from December 2, 2020, the beginning of his sanctions, until some time after June 22, 2021. (ECF No. 1, PageID.5, 8.) Whether this resulted in a violation of Morris's rights under the Eighth Amendment requires the *Rodgers/Patterson* case-by-case analysis, so this claim survives screening. Morris's claim of denial of yard recreation time may proceed against the remaining defendants.

## IV.     Order

The Court **DISMISSES WITH PREJUDICE:**

(1) Defendants Nagy, Napier, and Cobb, and all claims arising from the denial of grievances; and

(2) claims of retaliation and the denial of telephone privileges.

The case will proceed on the remaining claims and defendants.

IT IS ORDERED.

                                                s/ Victoria A. Roberts  
                                                VICTORIA A. ROBERTS  
Date: 4/10/2023                        UNITED STATES DISTRICT JUDGE