UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE MORRIS,

    Plaintiff,

v.

R. WHITE et al.,

    Defendants.

Case No. 22-13081
Honorable Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 37), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 36), AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 26)**

### I.   Introduction

Pro se plaintiff Jimmie Lee Morris ("Morris"), a prisoner in the custody of the Michigan Department of Corrections ("MDOC"), filed his complaint under 42 U.S.C. § 1983 against nine MDOC staff members, alleging violations of his First and Eighth Amendment rights arising out of the delay or denial of breaks from disciplinary sanctions and retaliation for grieving these denials. ECF No. 1. The Honorable Victoria Roberts summarily dismissed defendants Nagy, Napier, and Cobb, along with Morris' First Amendment and retaliation claims. ECF No. 8. The case was reassigned to

the undersigned on August 7, 2023, and referred to the magistrate judge for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 14.

Defendants Bailey, King, McCabe, Rurka, White, and Young moved for partial summary judgment for failure to exhaust administrative remedies. ECF No. 26. On May 29, 2024, the magistrate judge issued a Report and Recommendation ("R&R") recommending that the Court grant defendants' motion for summary judgment and dismiss the claims against defendants Bailey, King, Rurka, McCabe, White, and Young—except the claim against McCabe regarding a sanction break memo and the claims against White and Young for failure to ensure a sanction break. ECF No. 36, PageID.232. On June 17, 2024, Morris filed an objection. ECF No. 37.

II. Analysis

As noted in the R&R, "the parties to this action may object to and seek review of this Report and Recommendation but are required to file any objection within 14 days of service, as provided in the Federal Rule of Civil Procedure 72 (b)(2) and Local Rule 72.1(d)." ECF No. 36, PageID.232, 233. "A failure to file timely objections not only waives the right to de novo review of a Magistrate Judge's Report and Recommendation but dispenses with the need for the district court to conduct any review."

*Jones v. Warden, Ross Corr. Inst.*, 2013 WL 6230365, at *2, (S.D. Ohio Dec. 2, 2023) (citations omitted). Morris' objection to the R&R was untimely, but even if the Court were to consider his late objection, the Court would overrule it.

A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court form its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Absent "compelling reason," arguments or issues that were not presented to the magistrate may not be presented in objections to the R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 939 (6th Cir. 1988)).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

Morris' objection merely reiterates the arguments he made to the magistrate judge in opposition to defendants' motion and asks the Court to make an alternate conclusion. ECF No. 37. Because Morris' objection fails to challenge a specific finding or determination within the R&R, the Court overrules the objection.

### III. Conclusion

The Court has carefully reviewed the R&R and concurs with the conclusions reached by the magistrate judge. The Court therefore **ADOPTS** the R&R as the findings and conclusions of the Court.

Accordingly, defendants' motion for partial summary judgment (ECF No. 26) is **GRANTED.** Defendants Bailey, King, and Rurka are **DISMISSED.** Morris' claim against McCabe regarding the sanction break memo on June 22, 2021, as well as the claims against White and Young for failing to ensure a sanction break on or around January 22, 2021, may proceed to trial. All other claims against defendants McCabe, White, and Young are **DISMISSED.**

**IT IS SO ORDERED.**

Dated: September 30, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge