UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE MORRIS,                          Case No. 22-13081
                        Plaintiff,
v.                                          Shalina D. Kumar
                                            United States District Judge
R. WHITE, *et al.*,
                        Defendants.         Curtis Ivy, Jr.
_____/            United States Magistrate Judge

**ORDER DIRECTING DEFENDANTS TO ANSWER COMPLAINT AND
DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL (ECF No. 41)**

The Court recently granted Defendants' motion for partial summary judgment. (ECF Nos. 36, 40). Defendants McCabe, White, and Young remain. These Defendants are **ORDERED** to file an answer to the remaining claims in the complaint **within 14 days of this Order**. The Court will issue a case management scheduling order after receipt of the answer.

On October 15, 2024, Plaintiff moved for appointment of counsel. (ECF No. 41). In support of his motion, he states that he has Parkinson's disease and needs a professional legal assistant, and that granting him counsel is in the best interest of justice and due process.

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases.

*Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981).  With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims.  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances.").  To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success.  *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

The motion is **DENIED WITHOUT PREJUDICE**.  The claims have been narrowed and are not exceedingly complex.  Should Plaintiff's medical issues cause him to need more time to file a brief or a motion, he may file a simple motion to extend his deadline.  Otherwise, the difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel.  *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional

circumstance."). Plaintiff may move for appointment of counsel again if he defeats a dispositive motion addressing the merits of his claims, such as a motion for summary judgment.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.


Date: October 29, 2024                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 29, 2024.

<u>s/Sara Krause</u>
Case Manager
(810) 341-7850

4