UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE MORRIS,

          Plaintiff,

v.

R. WHITE et al.,

          Defendants.

Case No. 22-13081
Honorable Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

---

**ORDER OVERRULING OBJECTIONS (ECF NO. 68), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 67), GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO.60), DENYING PLAINTIFF'S MOTION (ECF NO. 61), TERMINATING AS MOOT DEFENDANT MCCABE'S MOTION TO DISMISS (ECF NO. 45), AND DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1)**

---

## I.    Introduction and Procedural Background

Plaintiff Jimmie Lee Morris ("Morris"), a *pro se* prisoner, filed a civil rights complaint against employees of the Michigan Department of Corrections (MDOC), alleging their failure to provide a week-long sanctions break after 30 consecutive days of loss of privileges ("LOP") violated his Eighth Amendment right to be free from cruel and unusual punishment. ECF No. 67, PageID. 649; see ECF No. 1. This matter was referred for all pretrial matters to the assigned magistrate judge. ECF No. 14. Initially, two types of sanction breaks were at issue—telephone use breaks and

yard/recreational breaks. Early in the case, the previously assigned district judge dismissed the claims as they related to telephone access, but the claims about the denial of sanction breaks for yard/recreation access were allowed to proceed. ECF No. 8.

Later, all defendants moved for summary judgment based on Morris's failure to exhaust his administrative remedies on most of his claims. ECF No. 26. Defendants argued and the Court agreed that only two of Morris's grievances had been exhausted. ECF No. 36, 40. The two exhausted grievances were against defendants McCabe, White, and Young. As part of their motion for summary judgment, defendants maintained that the only claims against McCabe that should survive were those in the exhausted grievance that pertained to him, JCF-1078. ECF No. 26. But defendants overlooked that the allegations against McCabe in the lone exhausted grievance against him addressed Morris's telephone access claim, which had previously been dismissed. ECF No. 8. This fact went unnoticed by the Court as well. ECF No. 36, 40. Defendant McCabe now moves to be dismissed from the action because the only exhausted claim against her was previously dismissed. ECF No. 45. The magistrate issued a report and recommendation ("R&R") recommending that McCabe be dismissed to

correct the error in the order granting summary judgment, thereby mooting the motion to dismiss. ECF No. 47. Morris filed objections. ECF No. 51.[1]

Defendants also filed a motion for summary judgment, as did Morris. ECF Nos. 60, 61. The magistrate judge issued an R&R recommending that defendants' motion be granted, Morris's motion be denied, and his complaint dismissed. ECF No. 67. Morris filed objections, ECF No. 68, and defendants filed a response. ECF No. 70. For the reasons detailed below, the Court overrules Morris's objections, ECF No. 68, adopts the second R&R, ECF No. 67, denies Morris's motion for summary judgment, ECF No. 61, grants the defendants' motion for summary judgment, ECF No. 60, and dismisses Morris's complaint. ECF No. 1.

## II.    Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations

---

[1] ECF No. 51 is titled motion for extension of time to file objections to the R&R but contains Morris's objections.

3

omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

## III.   R&R and Objections

### A. R&R

Defendants move for summary judgment arguing that, even if the Court accepted all of Morris's allegations as true, the defendants' actions would not amount to an Eighth Amendment violation. The magistrate judge agreed, finding in the R&R that "if we accept Plaintiff's version of events— that he served around 60 consecutive days of LOP without yard time— Defendants would still be entitled to judgment." ECF No. 67, PageID.659.

4

As discussed in detail in the R&R, although total or near-total deprivation of exercise or recreational opportunity without penological justification violates the Eighth Amendment, lesser exercise restrictions amount to mere temporary inconveniences that do not run afoul of the Eighth Amendment. *Id*. at PageID.660. The Sixth Circuit has not set a minimum amount of time a prisoner must have access to recreation. Id. at PageID.660-61. Courts consider factors such as the size of the cell, opportunity for contact with other inmates, time per day expended outside the cell, justifications for denial of the right to exercise or a particularized need for exercise to determine if the restriction amounts to a constitutional violation. Id. at PageID.661. The R&R applies these factors to Morris and, relying on the recent case of *Fluker v. Dunn*, 2024 WL 5456256 (E.D. Mich. Nov. 5, 2024), adopted, 2025 WL 383793 (E.D. Mich. Feb. 4, 2025), concludes that his 60 consecutive days without yard time did not violate the Eighth Amendment prohibition of cruel and unusual punishment. *Id*. at PageID.661-63. Accordingly, the R&R recommended denying Morris's motion and granting defendants' motion. Id. at PageID.664.

### B. Objections

1. Objection 1

Morris objects to the R&R because there are disputes of fact over how long he was on LOP and how often he received sanction breaks. He asserts that he served LOP from December 2, 2020 through July 2021. Sanction breaks from March to July 2021, however, are not relevant because the only remaining claim concerns the denied sanction break in January 2021. *See* ECF No. 8, PageID.17; ECF No. 40, PageID.250. The R&R accepted Morris's claim that he was on LOP for roughly 60 days between December 2020 and February 7, 2021, the date Morris claims he received his sanction break. Accordingly, this objection is overruled.

2. Objection 2

Morris objects to the R&R's finding that he was never in segregation. Morris asserts that he was in segregation from early June through mid-July 2021. Morris again fails to understand that the only relevant timeframe for the remaining claim is December 2020 through February 2021. Segregation confinement after this time period is not relevant to this motion. Morris's second objection is overruled.

3. Objection 3

Morris objects to the R&R's finding that he began to serve LOP on December 27, 2020 because he has submitted evidence that he began serving LOP on December 7, 2020. The R&R acknowledges that Morris

6

raised this question of fact, but determined that this issue is not material because even if he began serving LOP on December 7, the LOP did not violate the Eighth Amendment. In other words, the R&R accepted that Morris began serving the LOP on December 7, 2020. This objection is thus overruled.

### 4.  Objection 4

Next, Morris objects to the R&R because he contends that Young backdated the sanction break memo to February 3, 2021 to avoid disciplinary action. Morris offers no evidence to support this accusation and a party's suspicion cannot be used to defeat summary judgment. *Walden v. Gen. Elec. Int'l, Inc.*, 119 F.4th 1049, 1056-57 (6th Cir. 2024). Moreover, the R&R assumed a sanction break beginning on February 7, not February 3, 2021, in finding that the delayed sanction break did not violate the Eighth Amendment. The fourth objection is overruled.

### 5.  Objection 5

In his fifth objection, Morris objects to the R&R because the MDOC sanction history does not reflect that he was serving LOP from December 7 to December 27, 2020. As he has with his other objections, Morris overlooks that the R&R assumes that he began his LOP on December 7, 2020. Any question of fact over when the LOP started is thus immaterial.

7

Morris's allegation that the MDOC or its attorneys committed fraud relative to the date he began LOP is not supported by any evidence. This objection is overruled.

### 6. Objection 6

Morris next objects to the R&R because he claims that he was on sanction break only from February 7 through February 10, 2021, not February 3 through February 10, 2021. He asserts that it was impossible for Young to have prepared his sanction break memo on February 3, 2021 because he did not indicate that he would do so until February 5, 2021. For the same reasons discussed above, this objection is thus overruled.

### 7. Objection 7

In his seventh objection, Morris objects to the R&R because at his deposition he forgot that due to COVID all group activities, in person visits, law library, and religious call outs were canceled, and prisoners were fed inside their cells from late 2020 to mid-2021. Morris suggests his memory failure was a result of his Parkinson's disease and that he should not be penalized for this lapse by being held to his testimony. Sustaining this objection would require the Court to permit Morris to recant his sworn deposition testimony. The Sixth Circuit has long rejected parties' attempts to create issues of material fact by recanting or contradicting earlier

deposition testimony. *See Penny v. United Parcel Serv.*, 128 F.3d 408, 415 (6th Cir. 1997). That Morris attributes his recanting to his Parkinson's disease does not allow for the Court to consider the contradicting statements. Morris offers no evidence on how and to what extent the disease would alter or hinder his memory.  Moreover, Morris made this same argument to the magistrate judge. Merely restating arguments already presented does not constitute a specific objection worthy of consideration. *Carr v. Comm'r of Soc. Sec.*, 2022 WL 3362268, at *2 (E.D. Mich. Aug. 15, 2022). The Court overrules this objection.

8.  Objection 8

Morris objects to the R&R's finding that he had a cellmate the entire time. He claims he was moved from his own cell to one with a roommate from whom he immediately caught COVID. The Court cannot ascertain the relevance of this objection and thus overrules it.

9.  Objection 9

Next, Morris objects to the R&R's finding that he has not presented any evidence. He maintains he has provided a mountain of evidence which demonstrates a material question of fact and entitles him to summary judgment. The R&R clearly acknowledges that Morris has supplied many factual controversies, but it concludes that none are material. Morris does

not identify a specific factual issue he argues is material. This objection misunderstands that a genuine issue of material fact precludes summary judgment for either party. This ninth objection is overruled.

      10.   Objection 10

      Finally, Morris objects to the R&R because he established the objective and subjective prongs of a deliberate indifference to a serious risk to his health by defendants. This objection is neither clear nor specific enough to assess on the merits. The Court overrules it.

## IV.   Conclusion

      The Court **OVERRULES** Morris's objections, ECF No. 68, and **ADOPTS** the magistrate judge's R&R recommending the granting of defendants' motion for summary judgment, the denial of Morris's motion for summary judgment. ECF Nos. 60, 61, 67.

      Accordingly,

      **IT IS ORDERED** that defendants' motion for summary judgment (ECF No. 60) is **GRANTED**, Morris's motion for summary judgment (ECF No. 61) is **DENIED**, and Morris's complaint (ECF No. 1) against all defendants is **DISMISSED**. Pending motion ECF No. 69 is **TERMINATED** as moot. McCabe's motion to dismiss (ECF No. 45), the subject of an earlier R&R (ECF No. 47), is also **TERMINATED** as moot.

**IT IS SO ORDERED.**


s/Shalina D. Kumar
SHALINA D. KUMAR
Dated: September 30, 2025                  United States District Judge